PROGRESSIVE DIRECT INSURANCE COMPANY, Appellee,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *Progressive Direct Ins. Co. v. Motorists Mut. Ins. Co.*, 191 Ohio App.3d 686, 2011-Ohio-315.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100249.

Jan. 28, 2011.

J.T. Riker Co., L.P.A., J. Timothy Riker, and Sharon M.J. Shartzer, for appellee.

Freund, Freeze & Arnold, John J. Garvey III, Bryan J. Mahoney, and Jennifer Brill, for appellant.

SUNDERMANN, Judge.

{¶ 1} Motorists Mutual Insurance Co. ("Motorists") appeals the trial court's decision that granted summary judgment to Progressive Direct Insurance Co. ("Progressive") and denied Motorists' motion for summary judgment. We affirm the judgment of the trial court.

{¶ 2} At issue in this appeal are three cases that were consolidated for decision in the Hamilton County Municipal Court. The case numbered 09CV–31341 involved a car accident that occurred on May 31, 2008. Steven Susco, who was insured by Progressive, was driving a car owned by Luann Frost, who was insured by Motorists, when he had an accident with Rhonda Baker. Baker made a claim for property damage against Progressive. After it had paid the claim of $7,317.04, Progressive filed a lawsuit against Motorists, seeking a declaration that Motorists provided liability coverage for the accident and that Motorists provided pro-rata coverage for the property-damage claim of Baker.

{¶ 3} In the case numbered 09CV–31342, Margaret Myers, who was insured by Progressive, was driving a car owned by Lawrence Klette when she had an accident with Jeffrey Briggs. Klette was a named insured of Motorists. Progressive paid Briggs's property claim of $4,293.74 and filed a suit against Motorists, seeking a declaration that Motorists provided liability coverage for the

accident and that Motorists provided pro-rata coverage for Briggs's property-damage claim.

{¶ 4} In the case numbered 09CV–31348, Linda Hyde, who was insured by Progressive, was driving a car owned by Judith Coffey when she had an accident with Elsie Fangman. As in the other two cases, Coffey was a named insured of Motorists. Progressive paid Fangman's claim of $1,947.11 and filed an action for declaratory judgment against Motorists.

{¶ 5} The cases were consolidated, and the parties filed opposing motions for summary judgment. The trial court granted Progressive's motion and denied Motorists' motion.

{¶ 6} In its sole assignment of error, Motorists asserts that the trial court erred when it granted Progressive's motion for summary judgment and denied Motorists' motion for summary judgment.

{¶ 7} Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party.[1]

{¶ 8} In each case, Progressive insured the driver of the vehicle involved in the accident, while Motorists insured the vehicle. For all three drivers, Progressive's policies contained identical "other insurance" clauses: "If there is any other applicable liability insurance or bond, we will pay only our share of the total damages. Our share is the portion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle or trailer, other than a covered auto, will be excess over any other collectible insurance, self-insurance, or bond. Any insurance we provide for use of a covered auto by any person other than you will be excess over any other collectible insurance, self-insurance or bond."

{¶ 9} Motorists' policies that covered the three vehicles also had identical "other insurance" clauses: "If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for your covered auto, shall be excess over any other collectible insurance. Any insurance we provide for use of your covered auto by any person other than you or any family member will be excess over any other collectible

---

1. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

insurance, self-insurance or bond stated to be primary, contributing, excess or contingent."

{¶ 10} Progressive argued in the trial court and maintains in its appellate brief that the Ohio Supreme Court's decision in *Buckeye Union Ins. Co. v. State Auto. Mut. Ins. Co.*[2] applies because both companies' "other insurance" clauses are excess clauses. Under *Buckeye Union*, "[w]here two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies."[3]

{¶ 11} Motorists counters that the policies do not cover the same risk. According to Motorists, the language that it added in its clause—"stated to be primary, contributing, excess or contingent"—rendered the Motorists' policies more like umbrella coverage than competing excess coverage in situations such as the accidents in this case.

{¶ 12} We are not persuaded. The decision in *Buckeye Union* sought to address the question of coverage when two policies contain excess other-insurance clauses that work to prevent any underlying primary insurance. Motorists' additional language does not change the fact that the two clauses are "mutually repugnant" excess clauses.[4] Each company's "other insurance" clause is triggered by the existence of the other company's policy, resulting in the harm that *Buckeye Union* sought to avoid—no primary coverage. We conclude that the clauses cover the same risks and that, therefore, *Buckeye Union* applies.[5] The trial court properly granted summary judgment to Progressive, and its judgment is accordingly affirmed.

Judgment affirmed.

HILDEBRANDT, P.J., and DINKELACKER, J., concur.

_____

**2.** (1977), 49 Ohio St.2d 213, 3 O.O.3d 330, 361 N.E.2d 1052.

**3.** Id. at syllabus.

**4.** See *Buckeye Union*, 49 Ohio St.2d 213, 3 O.O.3d 330, 361 N.E.2d 1052.

**5.** Accord *Cincinnati Ins. Co. v. Motorists Mut. Ins.*, 6th Dist. No. L–10–1095, 2010-Ohio-5176, 2010 WL 4157403.